

# THE ATTORNEY GENERAL

## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

March 3, 1964

Honorable Byron Tunnell
Speaker
House of Representatives
Austin, Texas

*affirmed by*
*C-377*

Opinion No. C-221

Re:  Compensation of a Member
of the House of Represent-
atives who is also employed
by the Toledo Bend Project.

Dear Mr. Tunnell:

Your request for an opinion reads as follows:

"I request that you advise me whether
or not I can legally authorize expenditures
of monies to and for a member of the House of
Representatives under the facts set out.

"The Honorable Sam F. Collins of Newton,
Texas, Representative, District 7, consisting
of Jasper, Newton, Tyler and Sabine Counties,
was employed by the Toledo Bend Project effec-
tive May 31, 1963. At that time, in an abun-
dance of caution, Representative Collins request-
ed that he be taken off the monthly House of
Representatives Member's payroll and since which
time he has not received his monthly compensation.

"I request that you advise me:

"1.  Does Representative Collins' employment
preclude him from receiving the Consti-
tutional salary of a member of the House
of Representatives?

"2.  If your answer to question no. 1 is in
the negative, can Representative Collins
now be paid for the months he has not re-
ceived such salary and if so, can he be
paid in a lump sum?

"3.  If your answer to question no. 1 is in
the affirmative, does Representative

-1065-

Collins' employment preclude him from
using House Contingent Expense funds
during the interim?

"4. Representative Collins is also a mem-
ber of the Texas Legislative Council.
If your answer to question no. 1 is in
the affirmative, can Representative
Collins be reimbursed within the Statu-
tory amount for expenses incurred in
connection with his Council activities?"

Representative Collins was employed as a Project Super-
visor and his duties consist of the general supervision of the
Toledo Bend Project. The Toledo Bend Project is a joint effort
of the Sabine River Authority of Texas and the Sabine River Au-
thority, State of Louisiana, for the building and operation of
a dam and reservoir project on the Sabine River at Toledo Bend.
This joint effort is pursuant to an agreement entered into by the
Sabine River Authority of Texas and the Sabine River Authority,
State of Louisiana on the 6th day of July, 1961, and supplemental
agreement entered into on the 5th day of April, 1962. The Sabine
River Authority of Texas is "a governmental agency of the State of
Texas, a body politic and corporate, vested with all authority as
such under the Constitution and laws of the State" created by the
provisions of Article 8280-133, Vernon's Civil Statutes. Therefore,
under the facts submitted by you, Representative Collins is an em-
ployee of an agency of the State.

Section 40 of Article XVI of the Constitution of Texas pro-
vides:

"No person shall hold or exercise, at the same
time, more than one Civil Office of emolument, ex-
cept . . ." (Exceptions not applicable).

Section 33 of Article XVI of the Constitution of Texas pro-
vides:

"The Accounting Officers of this State shall
neither draw nor pay a warrant upon the Treasury in
favor of any person for salary or compensation as
agent, officer or appointee, who holds at the same
time any other office or position or honor, trust
or profit, under this State of the United States,
except as prescribed in this Constitution. . . ."
(Exceptions not applicable).

In Attorney General's Opinion V-308 (1947), it was held that
although a Member of the Legislature may accept employment as

Executive Secretary of the Board of Regents of the Texas State Teachers Colleges, the Comptroller would not be authorized to issue a warrant in payment of compensation. In discussing the difference between an officer and an employee, it was pointed out in this opinion:

> " . . . An 'officer' exercises some governmental function; he is invested with some portion of the sovereignty. A public office is a right, authority and duty created and conferred by law, the tenure of which is not transient, occasional, or incidental. Among the usual criteria given for determining whether an employment is a public office or not, are the requirements of an official oath and bond; that the powers are granted and conferred by law and not by contract. The 'officer' is generally answerable for misfeasance in office, and is responsible for the acts of his 'employees.' Employment, on the other hand, is established by contract. It involves performing such duties as are prescribed by the employing agent. The 'employee' is often subject to discharge at the will of the 'officer' to whom he is responsible. These matters are fully discussed in Loard v. Como, 137 S.W. (2d) 880, writ refused; Knox v. Johnson, 141 S.W. (2d) 698, writ refused; Meecham, Public Officers, Ch. 1; 42 Am.Jur., Public Officers, Sections 2-16; 34 Tex.Jur., Public Officers, Sections 2-4; and in Annotations 53 A.L.R. 595, 93 A.L.R. 333. 140 A.L.R. 1076."

In Attorney General's Opinion R-972 (1947), it was held that a legislator could not receive pay as a Member of the Legislature if such person was the executive secretary of a county retirement system, holding that, while such position does not constitute an office within the meaning of Section 40 of Article XVI of the Constitution of Texas, such position is one of honor, trust or profit under this State, within the meaning of Section 33 of Article XVI of the Constitution of Texas. A similar conclusion was reached in Attorney General's Opinion O-6578 (1945) involving membership in the House of Representatives and at the same time employment with a River Authority. Therefore, it is our opinion that under the facts submitted in your request, Representative Collins' position with the Toledo Bend Project is not an office within the meaning of Section 40 of Article XVI of the Constitution of Texas; rather, his position is that of an employee.

While such position does not constitute an office, it is one of honor, trust or profit under this State. The position carries with it emoluments of employment. The Toledo Bend Project calls for an expenditure of large sums of public monies.

You are therefore advised that, under the facts submitted, Representative Collins' employment precludes him, while so employed, from receiving his salary as a Member of the House of Representatives.

In view of our answer to your question no. 1, it is not necessary to answer question no. 2.

In answer to question no. 3, it is noted that Section 33 of Article XVI of the Constitution of Texas is strictly limited to a warrant upon the Treasury in favor of any person "for salary or compensation as agent, officer or appointee" and therefore does not apply to the issuance of warrants for the payment of expenses to which such person would otherwise be entitled. Therefore, you are advised that Representative Collins' employment does not preclude him from using House contingent expense funds during the interim.

In answer to your fourth question, you are likewise advised that Representative Collins may be reimbursed within the statutory amount for expenses incurred in connection with his activities as a member of the Texas Legislative Council.

## SUMMARY

Although a Member of the Legislature is eligible to accept an employment (Project Supervisor) on the Toledo Bend Project, a joint effort of the Sabine River Authority of Texas and the Sabine River Authority, State of Louisiana, he is not eligible, while so employed, to receive his salary as a Member of the Legislature, in view of the provisions of Section 33 of Article XVI of the Constitution of Texas. Such prohibition, however, does not preclude him from receiving reimbursement for expenses as a Member of the Legislature or as a member of the Texas Legislative Council.

Yours very truly,

WAGGONER CARR
Attorney General

By John Reeves

John Reeves
Assistant

JR:ms

APPROVED;

OPINION COMMITTEE

W. V. Geppert, Chairman
Lloyd Martin
J. S. Bracewell
Malcolm L. Quick

APPROVED FOR THE ATTORNEY GENERAL
By; Howard W. Mays